JAMES WINTER AND ANOTHER v. HOLMES CITY FARMERS MUTUAL INSURANCE COMPANY.

200 N. W. 2d 438.

September 1, 1972—Nos. 43229, 43283.

*Richard S. Roberts* and *I. L. Swanson,* for appellants.
*Wallace & Hegg* and *K. L. Wallace,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Peterson, and Kelly, JJ.

Per Curiam.

Plaintiffs brought this action on their home insurance policy to recover the loss suffered in a fire which destroyed their home on April 26, 1970. Judgment was entered for defendant insurance company after the jury found fraudulent misrepresentation concerning the value of goods lost in the fire. Plaintiffs appeal from the judgment and the order denying their motion for a new trial. We affirm.

The plaintiffs here contend that there was insufficient evidence to warrant the jury finding that plaintiffs or either of them wilfully made a false statement or false statements to the defendant with respect to the extent of goods lost in the fire or the value of such goods with the intent of deceiving the defendant. No useful purpose would be served in

discussing the evidence. It was a fact question for the jury and there was sufficient evidence to support their special verdict on this issue.

The other issues raised by plaintiffs are:

(1)   The court erred in (a) permitting defendant to introduce evidence of or make reference to a previous fire; (b) in permitting defendant to amend its answer the day of the trial so as to allege arson as a defense; and (c) in not requiring defendant to furnish plaintiffs with the facts and circumstances upon which it based the allegation of arson as a defense.

(2)   The attorney for defendant was guilty of misconduct by arguing facts relative to arson after being informed by the trial court that the defense of arson had not been sustained and would not be submitted to the jury.

We are not disposed to discuss issues (1) and (2).[1] First of all, be-

---

[1] The trial court in an excellent memorandum disposed of the issues as follows: "Plaintiffs specify as one ground for their motion for a new trial the permission granted Defendant to amend its Answer to allege the defense of arson. Leave to amend pleadings under Rule 15 may be freely granted, in the discretion of the trial court, where doing so will promote the interests of justice. The motion to so amend was made after final discovery depositions had been taken and the scope of the available testimony determined. This court does not feel that such leave was an abuse of discretion.

"This court finds no provision in the Rules of Procedure requiring a showing of evidence intended to be submitted in support of a defense or allegation in advance of the offer of such evidence. It was apparent that whatever evidence of arson the Defendant had was circumstantial only, and whether such evidence, when all submitted, was or would be sufficient to take the issue of arson to the jury, could not well be determined until the testimony was concluded.

"The order of proof is within the discretion of the trial court. The questions of motive and the circumstances which might establish incendiarism are so interwoven as to make it difficult to adhere to a strict order of proof in this type of case.

"There were elements of impropriety in the closing argument of the Defendant's attorney. Parts of his argument could be construed as an open invitation to the jury to disregard the expected instructions of the court and to 'go out and do what is right'. However, taken as a whole, the argument of defense counsel was directed to inconsistencies in the testimony of Plaintiffs, centering around the general discovery and reporting of the fire, which testimony itself was generally relevant to

cause plaintiffs did not request the trial court for specific corrective instructions as to these claimed errors that might have been corrected in that manner. Secondly, and more importantly, at the close of the evidence, after the defendant had moved for a mistrial, the court asked counsel for plaintiffs if he wanted to move for a mistrial. The answer given was "No." Under the facts and circumstances in this case, where the plaintiffs did not ask for corrective instructions and did not want a mistrial, it hardly behooves us on appeal to grant a new trial.

Affirmed.

the issues in the case. Such argument was proper in that it went to the credibility of the Plaintiffs.

"The believability of the Plaintiffs' testimony was for the jury. The improper elements of Defendant's counsel's argument the court feels should have been erased by the court's instructions.

"While the court might draw different conclusions from the evidence than did the jury, it cannot be said that as a matter of law the verdict was the product of passion or prejudice. The fact that the verdict was not unanimous is not itself significant."